**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW CANTRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-231-J** |
| | ) | |
| | ) | |
| **CHRIS WEST et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Cantrell, a pretrial detainee, appearing *pro se*, has filed a Complaint under 42 U.S.C. § 1983. (ECF No. 1). United States District Judge Bernard M. Jones II has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, it is recommended that the Court dismiss the Complaint in its entirety.

**I.    SCREENING REQUIREMENT**

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also Kay v. Bemis,* 500 F.3d 1214, 1217–

18 (10th Cir. 2007) (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

## II.     STANDARD OF REVIEW

The Court must accept Mr. Cantrell's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Cantrell is proceeding *pro se*, his Complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    PLAINTIFF'S COMPLAINT/ALLEGATIONS

In the Complaint, Mr. Cantrell alleges that he is subjected to unconstitutional conditions of confinement in violation of the Fourteenth Amendment while being detained at the Canadian County Jail. (ECF No. 1). Specifically, Plaintiff alleges that he is being subjected to "extreme isolation, denial of meaningful exercise, and lack of outdoor access." (ECF No. 1:2). Plaintiff describes the deprivations as "punitive and inhumane . . . constituting unlawful punishment[.]" (ECF No. 1:2). As Defendants to this claim, Mr. Cantrell names: (1) Christ West, Canadian County Sheriff; (2) Kevin Ward, Canadian County Undersheriff; (3) Kristie Carter; (4) Tracey Burton; and (5) Canadian County, Oklahoma. (ECF No. 1:1). Mr. Cantrell sues all of the individual Defendants in their official capacities only. (ECF No. 1:1). Plaintiff requests monetary, declaratory, and injunctive relief. (ECF No. 1:7-8).

### IV.    DISMISSAL OF THE INDIVIDUAL DEFENDANTS

Although Plaintiff names Defendants West, Ward, Carter, and Burton as defendants, he has failed provide any specific details in support of how he believes each specific Defendant had participated in the alleged deprivations. *See* ECF No. 1.

In a case such as this one where Mr. Cantrell has brought claims against more than one defendant, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him." *Robbins v. Oklahoma,* 519 F.3d at 1250. Mr. Romero has failed to do so and the Court "will not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Mr. Cantrell's failure to link any of the four Defendants with any specific action or violations renders the Complaint legally deficient. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated.").

Based on the forgoing, the Court should dismiss the individual defendants without prejudice because the Complaint does not "make clear exactly *who* is alleged to have done *what* to *whom*," and, as such, does not provide any of the Defendants with "fair notice as to the basis of the claims against him[.]" *Robbins v. Oklahoma*, 519 F.3d at 1250; *see also Brooks v. Colo. Dep't of Corr.*, 762 F. App'x 551, 557-58 (10th Cir. 2019) (explaining that the standard set forth in *Robbins*, is "the standard by which [courts] review complaints asserting § 1983 claims against multiple defendants"); *see also Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (affirming dismissal when complaint contained "undifferentiated allegations" that did not "provide fair notice" to defendants because plaintiff had not "attributed specific acts to them").

## V.  DISMISSAL OF CANADIAN COUNTY

The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City*

*Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted). "[M]unicipalities and other bodies of local government are 'persons' within the meaning of this statute." *St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). Therefore, "[u]nder *Monell* [*v. Dep't of Soc. Servs. of City of New York*], 436 U.S. 658, 660 (1978), a plaintiff may sue local governing bodies directly, [including a County] for constitutional violations pursuant to the body's policies." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1144 (10th Cir. 2023). To state a claim against a municipal entity, a plaintiff must allege facts showing three elements: "(1) official policy or custom, (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). A policy or custom for § 1983 municipal-liability purposes may take the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283–84 (10th Cir. 2019) (citation omitted).

As stated, Mr. Cantrell has sued Canadian County, Oklahoma. *See supra*. In the body of the Complaint, Plaintiff states:

> The unconstitutional conditions described herein are the result of official policies, longstanding customs, and deliberate decisions by county policymakers, including the automatic housing and classification of pretrial

detainees together with sentenced and punitive inmates, subjecting pretrial detainees to the same restrictive conditions, rules, and punishments imposed on convicted inmates.

(ECF No. 1:2). But Mr. Cantrell has neither identified a specific policy, representative of Canadian County, which was the alleged cause of his injuries. Instead, Plaintiff has referred only to "the jail's policies, practices, and customs governing detainee housing, classification, and conditions of confinement." (ECF No. 1:1). These conclusory allegations are insufficient to state a claim for municipal liability against Canadian County. *See Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (affirming Rule 12(b)(6) dismissal of municipal-liability claim where plaintiff only provided formulaic recitation of elements of claim, and failed to provide sufficient factual allegations of a link between injury and municipal policy or custom); *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (affirming Rule 12(b)(6) dismissal of complaint that asserted a municipal policy was the moving force behind injury, but cited "no particular facts in support of these threadbare recitals of the elements of a cause of action"); *Soto for estate of Jimenez v. Bd. of Cnty. Comm'rs of Caddo Cnty*, 748 F. App'x 790, 794 (10th Cir. 2018) ("Ms. Soto's arguments ignore well-established Tenth Circuit precedent holding a § 1983 municipal liability claim must include factual allegations that a particular municipal custom or policy was the moving force behind the constitutional injury in order to withstand a Rule 12(b)(6) dismissal."). As a result, the Court should dismiss any claim against Canadian County, Oklahoma.

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing, the Court should **DISMISS** the Complaint, without prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **June 26, 2026.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.    STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on June 9, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE