**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW CANTRELL, Plaintiff, | ) | |
| v. | ) | Case No. CIV-26-231-J |
| CHRIS WEST, et al., Defendants. | ) | |

# ORDER

Plaintiff, appearing pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin screened the Complaint and issued a Report and Recommendation recommending dismissal without prejudice on grounds that Plaintiff failed to allege sufficient facts against any named Defendant. [Doc. No. 13]. Plaintiff timely objected, but rather than challenge the Report and Recommendation, he requested permission to file an amended complaint to cure the deficiencies. [Doc. No. 17]; *see also* [Doc. No. 18]. The Court adopted the Report and Recommendation and dismissed the Complaint but granted Plaintiff permission to file an amended complaint [Doc. No. 19]. The Amended Complaint was filed on June 20, 2026. [Doc. No. 20].

On screening, Judge Erwin entered a second Report and Recommendation, recommending that the Amended Complaint be dismissed for failure to state a valid claim for relief. (Rep. & Rec.) [Doc. No. 24]. Plaintiff objected but again does not challenge Judge Erwin's findings. Instead, he seeks to clarify and requests permission to amend to include additional facts. [Doc. No. 28]. Plaintiff also filed a separate motion seeking permission to file a Second Amended

Complaint. [Doc. No. 29].[1] Plaintiff's "objection" does not trigger de novo review. *See Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025).

Judge Erwin's Report and Recommendation is ADOPTED and the Amended Complaint is DISMISSED without prejudice. Plaintiff's motion to file a Second Amended Complaint is GRANTED IN PART and DENIED IN PART. The motion [Doc. No. 29] is GRANTED to the extent that Plaintiff requests an additional opportunity to cure the deficiencies noted in the Report and Recommendation. However, Plaintiff's proposed Second Amended Complaint, *see id.*, Ex. 1, is insufficient and thus the Court DENIES his request to file that pleading. Specifically, Plaintiff fails to tie any named Defendant, in their individual capacity, to the alleged violations. Indeed, Plaintiff recognizes that his proposed pleading "may still require additional factual specificity concerning individual defendants . . . ." [Doc. No. 29].

If Plaintiff wishes to amend, he must file a Second Amended Complaint no later than December 8, 2026. He must include *all relevant facts* and is cautioned that the Court is unlikely to afford him a third opportunity to amend.

This matter is RE-REFERRED to Judge Erwin.

IT IS SO ORDERED this 17th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] Plaintiff labels his proposed pleading as a Third Amended Complaint. It would in fact be a Second Amended Complaint.